United States Bankruptcy Court

Eastern District of Pennsylvania

In re:  
Leroy C. Johnson  
    Debtor(s)

Case No. 20-10719-amc  
Chapter 13

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: Adminstra | Page 1 of 2 |
| Date Rcvd: Dec 09, 2020 | Form ID: pdf900 | Total Noticed: 6 |

The following symbols are used throughout this certificate:  
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 11, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Leroy C. Johnson, 414 E. Sanger Street, Philadelphia, PA 19120-1612 |
| cr | + | Wilmington Savings Fund Society, FSB, as trustee o, c/o McCalla Raymer Leibert Pierce, LLC, Bankruptcy Department, 1544 Old Alabama Road, Roswell, GA 30076-2102 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | Email/Text: megan.harper@phila.gov | Dec 10 2020 03:38:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | Email/Text: RVSVCBICNOTICE1@state.pa.us | Dec 10 2020 03:37:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | + Email/Text: usapae.bankruptcynotices@usdoj.gov | Dec 10 2020 03:38:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| cr | Email/Text: megan.harper@phila.gov | Dec 10 2020 03:38:00 | CITY OF PHILADELPHIA, Tax & Revenue Unit, 1401 JOHN F. KENNEDY BLVD., 5TH FLOOR, Major Tax Litigation Division, Philadelphia, PA 19102-1595 |

TOTAL: 4

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 11, 2020                      Signature:    /s/Joseph Speetjens

| District/off: 0313-2 | User: Adminstra | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Dec 09, 2020 | Form ID: pdf900 | Total Noticed: 6 |

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 9, 2020 at the address(es) listed below:**

**Name**  **Email Address**

MARIO J. HANYON
on behalf of Creditor WILMINGTON SAVINGS FUND SOCIETY  FSB, ET.AL. mario.hanyon@brockandscott.com, wbecf@brockandscott.com

MICHAEL P. KUTZER
on behalf of Debtor Leroy C. Johnson mpkutzer9@gmail.com  mpkutzer1@gmail.com

PAMELA ELCHERT THURMOND
on behalf of Creditor CITY OF PHILADELPHIA pamela.thurmond@phila.gov  karena.blaylock@phila.gov

REBECCA ANN SOLARZ
on behalf of Creditor WILMINGTON SAVINGS FUND SOCIETY  FSB, ET.AL. bkgroup@kmllawgroup.com

REBECCA ANN SOLARZ
on behalf of Creditor Wilmington Savings Fund Society  FSB, as Trustee of Stanwich Mortgage Loan Trust bkgroup@kmllawgroup.com

SCOTT F. WATERMAN (Chapter 13)
ECFMail@ReadingCh13.com

THOMAS YOUNG.HAE SONG
on behalf of Creditor WILMINGTON SAVINGS FUND SOCIETY  FSB, ET.AL. paeb@fedphe.com

THOMAS YOUNG.HAE SONG
on behalf of Creditor Jpmorgan Chase Bank  National Association paeb@fedphe.com

United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Leroy C. Johnson<br>    Debtor(s) | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust<br>    Moving Party<br>vs. | NO. 20-10719 AMC |
| Leroy C. Johnson<br>    Debtor(s)<br><br>Scott F. Waterman<br>    Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Moving Party on the Debtor's residence is **$12,016.22,** which breaks down as follows;

Post-Petition Payments:    March 2020 through November 2020 at $1,220.58/month
Fees & Costs Relating to Motion:  $1,031.00
**Total Post-Petition Arrears  $12,016.22**

2. The Debtor(s) shall cure said arrearages in the following manner;

    a) Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$12,016.22.**

    b) Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$12,016.22** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due December 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,220.58 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, the Moving Party shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Moving Party may file a Certification of Default with the Court and the Court shall enter an Order granting the Moving Party relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Moving Party shall file a Certification of Default with the court and the court shall enter an order granting the Moving party relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Moving Party of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 16, 2020          /s/ **Rebecca A. Solarz, Esquire**
                                 Rebecca A. Solarz, Esquire
                                 Attorney for Movant

Date: 11/30/20

                                 Michael Kutzer Esq.
                                 Attorney for Debtor(s)

Date: 12/3/2020

                                 Scott F. Waterman, Esq.
                                 Chapter 13 Trustee


Approved by the Court this ___ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

**Date: December 8, 2020**

                                 Bankruptcy Judge
                                 Ashely M. Chan